**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **LINDA GOMEZ BERGNER,** | |
| Plaintiff, | **CIVIL ACTION NO. _____** |
| v. | |
| **FROST & SULLIVAN,** | Jury Trial Demanded |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

LINDA GOMEZ BERGNER, Plaintiff, complains of FROST & SULLIVAN (hereinafter referred to as "F&S" or "Defendant"), Defendant, and for cause of action would show the Court as follows:

1. INTRODUCTION

1.1. Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

1.2. This action seeks equitable relief, compensatory and punitive damages, liquidated damages, attorneys' fees, expert witness fees, taxable court costs, pre-judgment and post-judgment interest. Plaintiff alleges that she was terminated from her position of employment with Defendant in violation of the Family and Medical Leave Act of 1993 ("FMLA").

## 2. PARTIES

2.1.  Plaintiff is a resident of Houston, Harris County, Texas. At all pertinent times, she was a resident within the Southern District of Texas.

2.2.  F&S is a foreign for-profit corporation incorporated in the State of California and licensed to do business in the State of Texas. It may be served with citation by serving its registered agent, Registered Agent Solutions, Inc., 515 Congress Avenue, Suite 2300, Austin, Texas 78701.

## 3. VENUE

3.1.  Venue is appropriate in the United States District Court for the Southern District of Texas—Houston Division, in that the corporate defendant has significant contacts within this district, the Plaintiff resides within this district, and the events that gave rise to this cause of action occurred in this district.

## 4. JURISDICITION

4.1.  The jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act of 1993. The unlawful employment practices were committed within the jurisdiction of this Court.

## 5. FACTS

5.1.  Plaintiff is a female and is expecting a child. Her due date is April 1, 2011.

5.2.  Plaintiff began her full-time employment with F&S in San Antonio, Texas, in or about June 2000 in F&S's Healthcare Division, where she worked as an Account Manager until approximately February 2008. At that time, Plaintiff transferred to F&S's Best Practices Division, where she also occupied the position of Account

Manager. After approximately six (6) months in the Best Practices Division, Plaintiff moved internally within the Best Practices Division into the Information Communication Technologies ("ICT") group, continuing to work as an Account Manager. Plaintiff relocated to Houston, Texas, in or about October 2008, where she continued to perform her job duties.

5.3. On September 11, 2010, Plaintiff notified her immediate supervisor, Jeff Frigstad, Vice President of Best Practices, that she and her husband were expecting a baby. Plaintiff also e-mailed her team in the division with the news. On October 7, 2010, Plaintiff spoke via telephone with a representative of F&S's Human Resources Department about her upcoming maternity leave, which would be protected under the FMLA; related insurance issues; various paperwork she needed to complete; short-term disability eligibility; and the like.

5.4. On October 11, 2010, a mere two (2) business days after she had consulted Human Resources about her pregnancy and anticipated need for maternity leave, Plaintiff received a telephone call from Mr. Frigstad; John Ruggles, Vice President of Sales; and Cynthia Robertson, Human Resources, during which time Defendant terminated Plaintiff's employment.

5.5. At the time Defendant terminated Plaintiff's employment, it was aware that Plaintiff was eligible for federally protected leave under the FMLA.[1]

---

[1] Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of Defendant's discrimination against her because of her pregnancy and impending birth and maternity leave. Upon the EEOC's issuance of a Notice of Right to Sue, Plaintiff intends to amend this Complaint to include a claim of sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, or under the Texas Commission on Human Rights Act, as amended.

## 6. CAUSE OF ACTION: FAMILY AND MEDICAL LEAVE ACT OF 1993

6.1. Plaintiff was terminated in retaliation for needing to take federally protected leave under the FMLA, 29 U.S.C. §2601, *et seq*. It is unlawful for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the FMLA. In addition, it is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA. Plaintiff is protected under all such grounds due to discrimination and retaliation for needing to take protected leave, and opposing discrimination and retaliation under the FMLA.

## 7. DAMAGES

7.1. As a result of Defendant's intentional, discriminatory, and retaliatory acts described above, Plaintiff has suffered and continues to suffer mental anguish, humiliation, emotional distress, all to her detriment and compensable at law. Plaintiff also sues for the recovery of lost wages in the past and future, punitive and/or liquidated damages as authorized by statute, lost interest, attorneys' fees, and costs.

7.2. Plaintiff sues for actual and compensatory damages in an amount in excess of the minimal jurisdictional limits of this Court.

7.3. The wrongful conduct of Defendant is evidenced by a consciously indifferent and malicious attitude towards Plaintiff's rights under the FMLA. As a result of this conduct, punitive damages in excess of the minimum jurisdictional limits of this

4

Court should be assessed against Defendant so as to deter this type of conduct in the future.

## 8. ATTORNEYS' FEES

8.1. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of SHELLIST LAZARZ SLOBIN, LLP, 3D/International Tower, 1900 West Loop South, Suite 1910, Houston, Texas 77027, in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees and costs provided by 29 U.S.C. § 2601, *et seq*.

## 9. PRAYER

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    9.1.1. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

    9.1.2. Grant Plaintiff general damages for Defendant's violations of the Family and Medical Leave Act;

    9.1.3. Pre-judgment interest at the highest legal rate;

    9.1.4. Post-judgment interest at the highest legal rate until paid;

    9.1.5. Punitive damages;

    9.1.6. Damages for mental pain and mental anguish in the past and future, and lost wages in the past and future;

9.1.7. Exemplary damages;

9.1.8. Liquidated damages;

9.1.9. Attorneys' fees;

9.1.10. All costs of court; and

9.1.11. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
Federal ID No. 34842
TODD SLOBIN
State Bar No. 24002953
Federal ID No. 22701
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

**ATTORNEYS FOR PLAINTIFF
LINDA GOMEZ BERGNER**